LIESEMER *v.* BURG

1. CLAIM AGAINST PARENT—CARE OF CHILD—EVIDENCE OF FAMILY CIRCUMSTANCES.
    Where it is sought to charge a father for care bestowed upon his infant child, evidence of· the character and standing of the father and the expectancy of the child is inadmissible upon the question of the value of the services rendered.

2. PROMISSORY NOTE—UNAUTHORIZED CANCELLATION—EVIDENCE.
    The maker of a promissory note, upon its delivery to him for a temporary purpose, cannot, by marking it "Paid" and retaining it upon the claim that he is entitled to a credit equivalent to the balance due thereon, destroy the character of the note as an existing obligation or as evidence of the indebtedness, but the same will be admissible upon explanation being made of its condition.

3. PRINCIPAL AND AGENT—MONEY HAD AND RECEIVED.
    One who has collected money for another, being duly authorized thereto, is liable to his principal in an action for money had and received.

4. MONEY HAD AND RECEIVED—BURDEN OF PROOF.
    Where the defendant in an action for money had and received admits the receipt of the money, but claims to have paid it over to plaintiff, the burden is upon defendant to prove such payment.

5. WITNESSES—ADMISSIONS IN TESTIMONY OF OPPOSITE PARTY.
    One of the parties to an action may avail himself of an admission made by the other party when sworn as a witness in his own benalf, without being bound by other portions of his testimony.

Error to Washtenaw; Kinne, J. Submitted June 11, 1895. Decided July 2, 1895.

*Assumpsit* by Louis J. Liesemer against John Burg. From a judgment for plaintiff, defendant brings error. Affirmed.

*A. J. Sawyer (F. E. Jones,* of counsel), for appellant.

*E. B. Norris (J. F. Lawrence,* of counsel), for appellee.

McGRATH, C. J.   Suit is brought to recover a balance of $171.66, with interest from February 9, 1891, upon a note made by defendant, payable to plaintiff, and also two installments of interest, amounting to $90, collected by defendant upon a note made by one Riddle, and payable to plaintiff.   Defendant sought to set off a claim for 34 weeks' board, care, etc., of plaintiff's daughter, a child of four years of age.   Plaintiff recovered a judgment of $161.51.

Error is assigned upon the rejection of testimony tending to show the character and standing of plaintiff, and the expectancy of the child, as bearing upon the value of the services rendered in her care.   The court was right. The question was not whether defendant was warranted in making certain expenditures for the child, or in furnishing for her what her circumstances demanded, but, rather, what was the value of what was actually done in that direction.

Plaintiff claimed that he took the note made by defendant to the latter's place of business, and demanded payment thereof; that defendant asked for the note, for the purpose of computing the amount due upon it, and plaintiff handed it to defendant; that the amount of the note, with interest, was $1,060; that defendant paid him $893, and demanded credit for the balance on account of the daughter's board; that plaintiff refused to allow the claim, and defendant kept the note.   When produced upon the trial, it appeared that defendant had written across the face of the note, "Paid February 9th."   Plaintiff testified that this indorsement was not upon the note when defendant received it.   The note was then offered and received in evidence.   The objection made was, "I object, unless you read the whole of it."   It was entirely proper to offer and receive the note with the explanation given.   Defendant could not, by cancellation under such circumstances,   destroy its character as an existing obligation, nor as evidence of the indebtedness.

Respecting the Riddle note, it is urged that no author-

ity existed from plaintiff to defendant to receive any payment of interest thereon, that plaintiff has never released Riddle from his obligation to pay the note, and that the declaration contains no special count upon which a recovery can be had. Defendant effected the loan to Riddle. He held the note when both installments of interest were paid to him, and was authorized to make the collection. The rate of interest was 10 per cent., and he claimed that it was agreed between plaintiff and himself that he was to retain 3 per cent. for collection, and was to pay over 7 per cent. to plaintiff. The agency, the possession of the note by defendant, and the payment of the interest to him having been established, Riddle had a complete defense, and defendant was liable to plaintiff under the count for money had and received.

The court instructed the jury that the burden to show the payment to plaintiff of this interest was upon the defendant; that "inasmuch as he admits, by his testimony, that he had received this interest, the burden of proof is upon him to satisfy you that he returned it to or accounted for it to plaintiff." There can be no force in the claim made that the burden was upon the plaintiff to prove that he had not received the interest money collected by defendant. Nor is the claim tenable that because, "in the same breath with which Mr. Burg admits the receipt of the money, he swears he paid it over to plaintiff, and settled with him for it," therefore the court was bound to accept both statements, if either. Defendant was not plaintiff's witness. Plaintiff was entitled to avail himself of his admission, and to contradict other portions of the testimony, which he did.

The judgment is affirmed.

The other Justices concurred.