CORNELISSEN *v.* ORT.

1. EVIDENCE—ADMISSIONS—AFFIDAVITS.
    The affidavit of a party to a suit, and that of his solicitor, made at his request, and filed in the cause, may be used as an admission against the party in another suit.

2. ATTORNEY AND CLIENT—NEGLIGENCE—EVIDENCE.
    Plaintiff brought an action against three attorneys for negligence in not perfecting an appeal in a chancery suit. On a motion to extend the time for taking the appeal, he filed an affidavit by himself, as well as one by his solicitor, showing that he relied upon the solicitor to perfect the appeal, and not upon the two who were employed as counsel. *Held*, that a verdict of not guilty in favor of the two who were employed as counsel was justified by the evidence.

3. SAME—DAMAGES.
    In an action against an attorney for negligence in not perfecting an appeal in a chancery suit, evidence of the amount involved in the suit and the costs paid by reason of the decree does not overcome the presumption of the validity of the decree, and, without further proof being offered, is inadmissible.

4. SAME—BURDEN OF PROOF.
    Whether, in an action against an attorney for negligence, after negligence has been shown, it is incumbent upon him to show that the client has not been injured by reason of the negligence,—*quære*.

Error to Kent; Wolcott, J. Submitted January 8, 1903. (Docket No. 16.) Decided February 17, 1903.

Case by Felix Cornelissen and Philomena Cornelissen against Felix J. Ort, and also Reuben Hatch and Hugh E. Wilson, copartners as Hatch & Wilson, for damages for failure to perfect an appeal. From a judgment for plaintiffs against defendant Ort only, plaintiffs bring error. Affirmed.

*McCormick & La Grou,* for appellants.

*Fred M. Raymond* (*Charles M. Wilson,* of counsel), for appellees Hatch & Wilson.

MOORE, J. This is an action against attorneys for negligence in allowing the time in which an appeal could be taken from a court of record to the Supreme Court to expire, so that the case tried in the court below could not be reviewed. The case was tried by a jury, who returned a verdict in favor of defendants Hatch & Wilson, and one against the defendant Ort for $85. A motion was made for a new trial, which motion was overruled. The plaintiffs have brought the case here by writ of error. Defendant Ort has not presented a brief in the case.

It was the claim of plaintiffs that defendants were all employed generally to remove the case to the Supreme Court, and that all were negligent in not doing so. It was the claim of defendants Hatch & Wilson that the solicitor of record was defendant Ort; that Hatch & Wilson were employed as counsel simply, and Ort was to look after getting the proper extension of time in which to take an appeal, and the negligence of which complaint is made was the negligence of Ort. Upon that question the trial judge instructed the jury as follows:

"I instruct you, as a rule of law in that regard, that if the plaintiff employed these three attorneys generally to take the case to the Supreme Court, and it was understood between them that they were all charged with the responsibility and duty of doing whatever was necessary in that regard, then each of them would be liable for any neglect of duty to the plaintiff's damage.

"If, on the other hand, the plaintiff relied on Mr. Ort as his solicitor having charge of the case, relied on Hatch & Wilson as counsel only, having charge of a certain portion of the work in the case, but it was understood that Mr. Ort was intrusted with procuring such extensions of time as were necessary, and Hatch & Wilson used reasonable care and diligence in the portion of the work intrusted to them, without any negligence on their part, then they would not be liable in this action, but the defendant Ort would be liable.

" If, on the other hand, it was the understanding of the plaintiff that he had engaged the services of Hatch & Wilson, and that was so understood by them, charging them with the duty and responsibility of taking whatever steps were necessary to save his rights of appeal, and to perfect his appeal and get it in the Supreme Court, and they failed to do it, they would be liable. If that was the under-standing between the plaintiff and these parties, and Hatch & Wilson were to be held responsible for doing this work, it would not be an excuse for them that they intrusted it to Mr. Ort, and that he failed to do it, unless, as I say, it was the understanding in the beginning, on the part of the plaintiff, that Mr. Ort was the principal attorney having charge of the case, and that Hatch & Wilson were counsel only. These facts you must deter-mine from the evidence.

" If you find, as I have said, the duty and responsibility with a fair understanding between the plaintiff and these counsel that they were each and all charged with the responsibility of taking the necessary steps, and that there was a failure in that regard,—negligence on their part,— for which the plaintiff was not responsible, resulting in the loss of the right to take his case to the Supreme Court, then they would all be liable."

It is claimed the admitted facts in the case conclusively show the liability of Hatch & Wilson, that their employ-ment was general, and not special, and that the verdict of acquittal as to them is wholly unwarranted.

The record shows that in July, 1896, the plaintiffs filed a bill of complaint in the chancery side of the court, Mr. Ort appearing as solicitor for complainants. It was not until 1898 that Hatch & Wilson were employed to assist Mr. Ort. It is their claim they were employed as counsel. The case was heard in July, 1898. The circuit judge ren-dered a decree against complainants. After the time had expired to remove the case to the Supreme Court, the complainants employed Burlingame & Belden, attorneys, and they moved the court for an extension of time in which to perfect the appeal. This motion was based upon the affidavits of Cornelissen and Ort. The motion was overruled. Upon the trial of this case those affidavits

were received as evidence. Complaint is made of their admission, because it is said Cornelissen, because of his unfamiliarity with the English language, did not understand what they contained. It is also said that, though they might be used as impeaching testimony, they cannot be used as affirmative evidence of the facts stated. These affidavits were prepared by Mr. Belden, a reputable attorney, in the presence of Mr. Cornelissen and Mr. Ort, and from facts which they stated to him preliminary to the drawing of the affidavits, and both of the affidavits were read to Ort and Cornelissen. Mr. Cornelissen swore to the one, and Mr. Ort to the other; Mr. Cornelissen knowing for what purpose they were to be used. In the affidavit made by Mr. Cornelissen he swore, among other things, as follows:

" Deponent further says that the bill of complaint herein was filed by F. J. Ort, Esq., as solicitor for complainants, and that, at the request of the said Ort, deponent procured a satisfactory appeal bond, which was duly filed in this cause; * * * that he was informed from time to time by said Ort that satisfactory progress was being made in the case, and, finally, that the case had been removed to the Supreme Court at Lansing; that he did not know until Sunday, the 29th of October, 1899, that said appeal had not been perfected. * * * Deponent further says that he was greatly surprised to thus learn for the first time of the condition of said case, because of having relied upon the said Ort to perfect said appeal and take such other steps as might be necessary."

The affidavit of Mr. Ort contains the following:

"F. J. Ort, of said county, being duly sworn, deposes and says that he is an attorney at law and solicitor in chancery, and that he filed the bill of complaint in said cause as solicitor for complainants, and that afterwards said complainants, at his request, retained Messrs. Hatch & Wilson as counsel, and that they performed the greater part of the work in preparing the cause for hearing; and deponent further says that he has read the affidavit of Felix Cornelissen, hereto attached, and that the same is true; and deponent further says that he was directed by his counsel, Hatch & Wilson, to extend the time for mak-

ing and settling the case for review in the Supreme Court, and that he agreed so to do, and that he is informed that Messrs. Hatch & Wilson proceeded to and did prepare the greater part of the testimony taken in said cause for review by the Supreme Court, believing that said time had been extended for such work to be done.   And deponent further says that through unfamiliarity of practice, and for other reasons, he neglected to have the time extended as aforesaid, and, when he discovered what the effect of said neglect was upon the complainants, he kept postponing the time of informing them of the consequences; that they are in no respect to blame for his failure to perfect said appeal, and that they ought not to be permitted to suffer by reason thereof.

"F. J. ORT."

` It will be observed that Mr. Cornelissen swore he relied upon Ort to perfect the appeal.   Ort swore he had read the affidavit of Cornelissen, and that it was true.   There is not a suggestion in either affidavit that Cornelissen relied upon Hatch & Wilson to perfect the appeal.   It must not be forgotten that one of these affidavits was made by a party to this record, and both of them were caused to be filed by him in a judicial proceeding.   They were not only competent as impeaching evidence, but they were competent as admissions made by him.   See *Reiser* v. *Portere*, 106 Mich. 102 (63 N. W. 1041); *Liesemer* v. *Burg*, 106 Mich. 124 (63 N. W. 999).   We not only think there was evidence upon which to base the verdict of the jury, but we do not see how the verdict could well be different.

Error is assigned in relation to the rulings on the admission of testimony.   We do not think it is necessary to discuss the assignments further than to say we do not think them well taken.

A more difficult question is one relating to the measure of damages.   The tender of testimony in addition to what was received upon that branch of the case, and the ruling upon it, was as follows:

"*Plaintiffs' Counsel:* I would like the record to show that we offer to prove on the measure of damages the value of the property involved in that litigation (*Cornelis-*

*sen* v. *Vanderveen*), being the property mentioned in the declaration; and also the items of costs and disbursements incurred by the complainant in that case; the value of the property offered being its value at the time of the decree.

"*The Court:* The court has intended to admit evidence tending to show costs and disbursements in and about the preparation of that case to take it to the Supreme Court, but up to this time he has not admitted any of the costs and disbursements of the original case in this court, nor the value of the property in litigation."

No offer was made to follow this by other testimony. It is the claim of plaintiffs that, when negligence has been shown on the part of a solicitor, it is then incumbent upon the solicitor to show the client has not been injured as the result of the negligence. It is the claim of the defendants that, while there are cases in support of the above rule, they are contrary to the great weight of authority. They claim a negligence case against an attorney is not different from one against any other defendant. The true rule is said by them to be that the burden is upon plaintiffs not only to show negligence, but that plaintiffs have suffered damage by reason thereof. The authorities are not in harmony upon this question, but we do not deem it necessary to decide between them. It was made to appear that a trial was had in the court below upon the merits, and a decree rendered against the plaintiffs. *Prima facie* this decree was right. *Turnbull* v. *Richardson*, 69 Mich. 400 (37 N. W. 499). The presumption of its validity would not have been overcome by showing the amount involved in the case, or the amount of costs paid by reason of that decree. With the proof admitted, the jury would not have been authorized to disregard the decree of the court below, and assume it was wrong, and would be overruled by the appellate court.

Judgment is affirmed.

The other Justices concurred.