## EVIDENCE ESTABLISHING GIFT BY WIFE TO HUSBAND.

### Circuit Court of Hamilton County.

ELLA A. MILLER, EXECUTRIX, v. WM. C. McLEAN, ADMINISTRATOR.*

Decided, January 9, 1909.

*Husband and Wife—Separate Estate of Wife—Gifts Inter Vivos— Proof Necessary to Establish—Assent of Wife to Possession and Use of Her Property by Husband—Written Instrument not Necessary to Complete a Gift—Declarations of Deceased Persons—Presumption.*

1. While the evidence of a gift *inter vivos* must, under the Ohio law, be clear and convincing, there is no rule requiring that it be direct and positive.

2. If there be any weakness in testimony as to declarations by a deceased wife of her assent to the use by her husband for his benefit of her property then in his possession, it lies in the source and not in the substance of the declarations.

3. Where a wife has full knowledge that her husband is using her property as his own, investing part of it in real estate, taking title in his own name, selling part and reinvesting the proceeds without in any way recognizing her as a creditor or beneficiary, her assent thereto during more than thirty years of harmonious and affectionate married life is clearly corroborative of declarations that a gift was intended.

4. Evidence that the husband had possession of a check and notes, transferrable by delivery and given in payment for property of his wife, does not sustain the burden of proof required in an action for money had and received, in the absence of testimony that he realized the cash or its equivalent by using the check and notes.

*Healy, Ferris & McAvoy,* for plaintiff in error.
*Wm. C. McLean* and *Edward Barton,* contra.

For the facts in this case see the opinion of the court below, 5 N. P.—N. S., 57.

---

* Reversing *McLean, Administrator,* v. *Miller, Executrix,* 5 N. P.— N. S., 57.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

It is settled law in this state that a written assignment is unnecessary to complete a gift *inter vivos* of a note or other evidence of indebtedness (*Polly* v. *Hicks*, 58 O. S., 218). And while the evidence must be clear and convincing, there is no rule of law requiring it all to be direct and positive.

The admissions of Mrs. Mills, if made, are direct evidence of the facts stated, which considered together show her assent to a reduction into possession by her husband of the proceeds of sale of her real estate. The claim of counsel for defendant in error that the declarations of deceased persons are of little, if any, value, is not as a general rule sound. In the case of *Larimore* v. *Wills Admr.*, 29 O. S., 13, it was held to be reversible error to exclude declarations of the payee of a promissory note that she intended to give it to the defendant, Judge White saying at page 17:

''Where the subject of the alleged gift has been delivered, the intention with which the delivery was made becomes material, and this intention may be proved by the declarations of the alleged donor, whether made at the time of the delivery or not.''

In the case under consideration the declarations relate not to an intention to thereafter make a gift, but to her assent to the use by her husband for his benefit of property then in his possession. If there be any weakness in the testimony, it lies in the source and not the substance of the declarations. The trial judge makes, in his written opinion, no complaint of the witnesses who testified to the declarations, but disagrees with us on their effect; and surely the fact that one of the witnesses was a nurse or servant in the household should not alone discredit her.

While it is true that no presumption of a gift arises from the possession by the husband of his wife's property, whether with or without her consent, yet such possession with her consent continued for a period of thirty years without demanding or receiving any account, although the marriage relation was always harmonious and affectionate, is clearly corroborative of the declaration that a gift was made. Mrs. Mills was not, of course,

bound to speak at the risk of making trouble in the family; but it was natural that she should and did speak in harmony with her conduct with reference to the property. When therefore, with full knowledge that her husband was using her property as his own, investing part of it in real estate and taking title in his own name, selling part, and reinvesting the proceeds, without in any way recognizing her as a creditor or beneficiary, she makes any declaration upon the subject, the most natural one would be that it was all done with her consent.

Her will executed before her marriage to Mr. Mills and before the purchase of the property in dispute, and which contains no specific bequest, except of her gold watch, is no more inconsistent with her admissions concerning property in the possession of her husband than her election to take under his will is inconsistent with her right to such property, and for the reason that neither refers, in terms, to that property.

Without her declarations the evidence is insufficient to show that her husband received for her use all the money in question. The stub of a bank check can rise no higher as evidence than the check itself, which is only to be regarded as payment, if cashed, unless accepted in absolute discharge of the debt. 2 Daniel on Neg. Inst., Section 1623.

The stub of June 6th, 1870, shows by a liberal construction only that a check for $6,875, payable to Fanny C. Mendenhall, or bearer, was delivered to Samuel Mills as "first payment, house and lot, Sixth street;" and no effort was made to prove that the check itself was cashed by him or any other person, although a check of the bank on which it was drawn was examined as a witness.

So also the check dated May 29th, 1872, for $5,135.58, and the corresponding stub show that it was payable to Fanny C. Mendenhall or bearer, and applied to the payment of "note to S. Mills;" but the note for the purchase money of the Sixth street property due on that day bears no evidence by indorsement or otherwise that S. Mills had anything to do with it; and on the day the last note was due, Mrs. Mills joins her husband in the execution of a receipt of satisfaction in full of the mortgage, and authorizes its cancellation of record.

It does not appear from the evidence when, if ever, in what manner, or to whom, the first payment of $2,500 for the George street property was made, except by the deed in which both husband and wife acknowledged receipt of the entire purchase money of $6,000.

The purchases of real estate by Samuel Mills in 1885 and 1886 were too remote to prove the receipt by him of money arising from transactions occurring twelve or fifteen years before; nor do they enlarge the declaration that he had money of his wife's to invest in a particular piece of property and for a particular purpose, so as to include all the money he invested during that period in other property.

Counsel insist, however, that the trial court was entitled to accept the declarations of Mrs. Mills to the extent of showing possession and to reject them as evidence of title; but he himself, in his original brief, cites cases to show the indefinite and uncertain sense in which the verb "to give" may be used in connection with personal property. Why then reject qualifying words which make the meaning definite and certain, and add others that restrict the sense to "delivery of possession" only.

In the case of *Liesemer* v. *Burg*, 63 N. W. Rep., 999, cited by counsel for defendant in error, the defense of payment is a distinct admission of the purpose for which the money was received, to-wit, for the use of plaintiff; hence it was properly held that he might avail himself of the admission and contradict other portions of the testimony.

The plaintiff's cause of action is money had and received for the use of his testator, and the burden of proof is not sustained by showing merely that Samuel Mills had possession of a check and notes given in payment of his wife's property, although transferable by delivery. It must be further shown that he realized the cash or its equivalent by using the check and notes.

In either view of the evidence, therefore, it is not sufficient to sustain the judgment, and the application for a rehearing will be denied.