CHARLES REINHART COMPANY v WINIEMKO

Docket Nos. 126230, 128542. Submitted January 8, 1992, at Lansing. Decided September 21, 1992, at 9:20 A.M. Leave to appeal sought.

The Charles Reinhart Company brought an action in the Washtenaw Circuit Court against attorney Ronald C. Winiemko and Bell, Hertler & Winiemko, P.C., alleging malpractice and breach of contract arising out of representing it in an appeal of a circuit court action. A jury awarded the plaintiff damages against Ronald Winiemko, and the court, Melinda Morris, J., entered judgment in accordance with the verdict. The court then awarded the plaintiff mediation sanctions in the amount requested by the plaintiff. Winiemko appealed both awards, and the appeals were consolidated.

The Court of Appeals *held:*

1. The trial court correctly held that the question of proximate cause in a case involving attorney malpractice during an appeal is one of fact for the jury. Questions of law in the underlying case become questions of fact in the legal malpractice case.

2. The court did not abuse its discretion in regard to the amount of attorney fees awarded, or in rejecting Winiemko's request to consider only those fees incurred after the motion for summary disposition was decided. The court did err, however, in awarding all litigation expenses, rather than just the costs taxable in any civil action. Litigation expenses other than costs taxable in any civil litigation are not recoverable as mediation sanctions. The case must be remanded for a determination of costs that should have been included in the order.

Affirmed in part, reversed in part, and remanded.

1. ATTORNEY AND CLIENT — MALPRACTICE — PROXIMATE CAUSE — QUESTIONS OF FACT.

The question of proximate cause in a case alleging attorney malpractice is one of fact for the jury.

REFERENCES

Am Jur 2d, Attorneys at Law §§ 197 *et seq.*; Costs §§ 10-14, 20, 52-81.

See the Index to Annotations under Attorneys' Fees; Costs of Actions; Malpractice by Attorney.

2. ATTORNEY AND CLIENT — MALPRACTICE — FAILURE TO PERFECT
   APPEAL — DAMAGES.

   A plaintiff claiming that an attorney's negligence prevented an
   appeal from being perfected must show that, more likely than
   not, a better result would have been achieved had the appeal
   been pursued; the purpose is to insure that the damages
   claimed to result from the attorney's negligence are more than
   speculation.

3. MEDIATION — REJECTION OF EVALUATION — SANCTIONS — ACTUAL
   COSTS.

   An award of actual costs as a sanction for rejecting a mediation
   evaluation after March 31, 1990, properly includes those costs
   taxable in any civil action and a reasonable attorney fee for
   services necessitated by the rejection (MCR 2.403[O][6]).

*Davis & Fajen, P.C.* (by *Peter A. Davis* and *Nelson P. Miller*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Larry G. Mason*), for Ronald C. Winiemko.

Before: SULLIVAN, P.J., and WAHLS and J. W. FITZGERALD,* JJ.

SULLIVAN, P.J. A jury awarded plaintiff $70,200 in damages against defendant Ronald C. Winiemko, an attorney, for his professional negligence and breach of contract arising out of his representation of plaintiff in an earlier appeal.[1] The trial court awarded plaintiff mediation sanctions in the amount of $35,743.01, representing the entire amount of attorney fees and costs requested by plaintiff. Winiemko (hereafter defendant) appealed both awards as of right, and the appeals have been consolidated. We affirm the judgment on the verdict and reverse in part the sanctions award.

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

[1] The judgment was entered solely against defendant Winiemko individually. The law firm is not a party to this appeal.

Plaintiff, a real estate company, had been sued by Dr. and Mrs. Kauffman, the purchasers in a real estate transaction in which plaintiff was the broker for the seller. The Kauffmans claimed that plaintiff altered the legal description of the property on the instrument of conveyance, reserving a previously undisclosed easement. The trial of that case took place thirteen years after the sale; by that time, the property's value had more than doubled. The jury found that the Kauffmans were damaged and awarded them $30,000 for negligence and $70,000 for fraud.

An insurance company satisfied the negligence judgment and Reinhart decided to appeal the fraud judgment. Reinhart retained defendant to represent it on appeal. Defendant and Reinhart's corporate counsel agreed that the key issue on appeal would be whether the verdict represented duplicative damages.

Defendant timely filed a claim of appeal. For reasons not shown in the record, it took over a year to get all the transcripts filed. There was some dispute over when the last transcript was filed, thus starting the time running under MCR 7.212(A)(1)(a)(ii) for filing the appellant brief. The Kauffmans' attorney filed a motion to dismiss the appeal after the time for filing an appellant brief had passed according to his calculations. Defendant responded by letter, claiming that his brief was not due until August 28, 1985. Defendant neither answered the motion in accordance with MCR 7.211(B), nor filed a brief by August 28, 1985.

This Court dismissed the appeal by order dated October 15, 1985. Defendant did not file a timely motion for rehearing under MCR 7.215(H). His later attempts to reinstate the case and to have the Court consider it as a delayed application for leave to appeal were refused by the clerk of this

Court as untimely. Reinhart then paid the judgment plus accumulated interest and sued defendant for malpractice and breach of contract.

I

The primary issue presented in this case is whether, in a case involving appellate malpractice, the question of proximate cause is a question of law for the trial court or a question of fact for the jury. The trial court in this case ruled that it was a question of fact for the jury. We agree.

This is a question of first impression in Michigan. In general, to establish attorney malpractice, a plaintiff must prove: (1) the existence of an attorney-client relationship; (2) the acts allegedly constituting the negligence; (3) that the negligence was a proximate cause of the injury; and (4) the existence and extent of the injury alleged. *Espinoza v Thomas,* 189 Mich App 110, 115; 472 NW2d 16 (1991); *Law Offices of Lawrence J Stockler, PC v Rose,* 174 Mich App 14, 25-26; 436 NW2d 70 (1989).

In this case, the only element disputed on appeal is proximate cause. Proximate cause is usually a question of fact to be decided by the jury; if, however, the facts bearing on proximate cause are not in dispute, and if reasonable minds could not differ, then the issue is one of law for the court. *Richards v Pierce,* 162 Mich App 308, 317; 412 NW2d 725 (1987).

Although not previously confronted with the precise issue now before us, Michigan courts have held that proximate cause in an attorney malpractice case is a question for the trier of fact. See, e.g., *Espinoza, supra,* p 124. Our Supreme Court has treated it as a question of fact, without addressing the issue raised here. *Cornelissen v Ort,* 132 Mich 294, 299; 93 NW 617 (1903). In *Ignotov v Reiter,*

425 Mich 391; 390 NW2d 614 (1986), an evenly divided Supreme Court did not agree on the outcome or on the analysis; the Court agreed, however, that the question whether the attorney's breach of the duty of care caused the plaintiff's loss was a question of fact. *Id.,* p 399 (LEVIN, J.), p 400 (BOYLE, J.), pp 404-405 (RILEY, J.).

Defendant contends that appellate malpractice is an exception to the general rule. The array of opinions from other jurisdictions in support of defendant's position is impressive, but not, ultimately, persuasive. See *Phillips v Clancy,* 152 Ariz App 415; 733 P2d 300 (1986); *Fine & Block v Evans,* 201 Ga App 294; 411 SE2d 73 (1991); *Hyduke v Grant,* 351 NW2d 675 (Minn App, 1984); *Chocktoot v Smith,* 280 Or 567; 571 P2d 1255 (1977); *Floyd v Kosko,* 285 SC App 390; 329 SE2d 459 (1985); *Millhouse v Wiesenthal,* 775 SW2d 626 (Tex, 1989); *Daugert v Pappas,* 104 Wash 2d 254; 704 P2d 600 (1985).

The majority of the Texas Supreme Court articulated this majority view in *Millhouse, supra,* p 628:

> The question of whether an appeal would have been successful depends on an analysis of the law and the procedural rules. Millhouse's position that the jury should make this determination as a question of fact would require the jury to sit as appellate judges, review the trial record and briefs, and decide whether the trial court committed reversible error. A judge is clearly in a better position to make this determination. Resolving legal issues on appeal is an area exclusively within the province of judges; a court is qualified in a way a jury is not to determine the merits and probable outcome of an appeal. Thus, in cases of appellate legal malpractice, where the issue of causation hinges on the possible outcome of an appeal, the issue is to be resolved by the court as a question of law.

The majority view rests on a fundamental misconception. It assumes that the issues that were questions of law in the underlying case remain questions of law in the legal malpractice case. They do not. They become questions of fact.

Where a plaintiff claims that an attorney's negligence prevented an appeal from being perfected, the plaintiff must show that, more likely than not, the client would have achieved a better result had the appeal been pursued. *Basic Food Industries, Inc v Grant,* 107 Mich App 685, 692-693; 310 NW2d 26 (1981). The purpose of this suit-within-a-suit requirement is to insure that the damages claimed to result from the attorney's negligence are more than mere speculation. *Id.,* p 693. The jury in the malpractice case applies the customary objective standard of reasonableness. *Jackovich v General Adjustment Bureau, Inc,* 119 Mich App 221, 230-231; 326 NW2d 458 (1982).

In a case charging appellate malpractice, the question for the trier of fact is whether a reasonable appellate court would, more likely than not, have granted the appellant in the underlying case some relief. In this case, that question was whether this fictional court would, more likely than not, have set aside some part of the original verdict as duplicative.

Of course, this process can become quite complicated, involving questions of the likelihood of a better result on remand as well as on appeal, and the possibility of settlement at any point in the process. These questions, however, as the record in this case demonstrated, are susceptible of proof and are no more complicated than questions facing juries every day. This Court has recognized the difficulty facing a trial judge in determining appropriate jury instructions in a case within a case. *Jackovich, supra,* p 230. The instructions are, how-

ever, no more difficult than in other complex cases. Complexity alone does not transform a question of fact into a question of law.

The majority view relied on by defendant also posits the superior ability of trial court judges to decide how appellate court panels are likely to rule. We disagree with this aspect of the majority view for the reasons stated in the dissenting opinion in *Millhouse, supra,* pp 628-629:

> The field of appellate law is no more complicated or obscure than the fields of medicine, chemistry, engineering, biology, construction, or any of a myriad of professions. In all negligence cases involving these professions, the issue of causation is submitted to the jury. The rule should be no different—and no less—for attorneys. Further, to say that the court is entitled to rule upon the question of causation as a matter of law in an appellate legal malpractice case gives the appearance that the bench is in the position of protecting the bar.
>
> *     *     *
>
> The privilege of being an attorney should not carry with it immunity from the jury system. The argument that attorney-judges are better equipped to decide appellate legal malpractice cases is elitist. We do not impanel a jury of physicians to decide a medical malpractice case.

In this case, the parties offered expert testimony regarding the factors that would enter into appellate consideration of the issues raised in the underlying case. Each offered an opinion regarding the likely outcome. The court instructed the jury with regard to the task before it, and the jury found that defendant's negligence caused harm to the plaintiff. In our jurisprudence, we do not lightly withdraw questions of fact from juries or judges sitting as triers of fact. See ^ ^ *DiFranco v*

*Pickard,* 427 Mich 32, 53-58; 398 NW2d 896 (1986). We are not persuaded that we should do so in this case.

## II

We need not address defendant's second issue, that is, whether the court erred in submitting plaintiff's breach of contract theory to the jury. The jury found defendant guilty of both professional negligence and breach of contract. It awarded only a single sum in damages, however. There was, therefore, no harm to defendant, and we will not set aside a verdict on this ground. MCR 2.613(A).

## III

Defendant also claims that the trial court abused its discretion in its award of attorney fees and costs as mediation sanctions under MCR 2.403(O). We find no abuse of discretion in the amount of attorney fees awarded, or in the court's rejecting defendant's request to consider only those fees incurred after the motion for summary disposition was decided. We do find error, however, in awarding all litigation expenses, rather than just the costs taxable in any civil action.

The definition of "actual costs" for purposes of mediation sanctions was amended, effective March 31, 1990 (five days before the hearing in this case). MCR 2.403(O)(6) now reads:

> For the purpose of this rule, actual costs are
> (a) those costs taxable in any civil action, and
> (b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the mediation evaluation.

According to the staff comment, the amendment was intended "to clarify what costs are recoverable." 434 Mich cxlviii. That amendment effectively eliminated the ambiguity in the previous version of the rule, which stated that actual costs included taxable costs and attorney fees. Compare *Burke v Angies, Inc,* 143 Mich App 683; 373 NW2d 187 (1985) (allowing all litigation expenses), with *Taylor v Anesthesia Associates of Muskegon, PC,* 179 Mich App 384, 387-388; 445 NW2d 525 (1989) (allowing only statutory costs).

We hold that litigation expenses other than costs taxable in any civil litigation are not recoverable as mediation sanctions. We are unable to determine from the record which costs should not have been included in the order in this case. Therefore, we remand for the trial court to make that determination. We also note that during the hearing, plaintiff agreed to deduct 2.3 hours of attorney time devoted to preparing a complaint to the Attorney Grievance Commission. Defendant contends that this time was not removed from the judgment. Defendant apparently did not raise this objection at the time the judgment was submitted. Therefore, we will leave it to the trial court to decide if the judgment should be modified accordingly.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.