SIMKO v BLAKE

Docket No. 135977. Submitted January 12, 1993, at Lansing. Decided
   August 16, 1993, at 9:20 A.M. Leave to appeal sought.

   Arthur L., Margaret A., and Tara M. Simko brought an action in
   the Wayne Circuit Court against Marvin Blake, seeking dam-
   ages for legal malpractice arising out of the defendant's alleged
   failure to defend adequately plaintiff Arthur Simko in a crimi-
   nal trial. The plaintiffs alleged that although the defendant had
   moved for a directed verdict on the basis of insufficiency of the
   evidence and had argued that same basis to the jury in the
   criminal trial, he had failed to present an adequate defense and
   that failure was the proximate cause of Arthur Simko's convic-
   tion and imprisonment until the conviction was reversed by the
   Court of Appeals on the basis of insufficiency of the evidence.
   The trial court, Robert J. Colombo, Jr., J., granted summary
   disposition for the defendant on the basis that the proximate
   cause of plaintiffs' injuries was the erroneous failure of the
   trial court in the criminal trial to grant the motion for a
   directed verdict. The plaintiffs appealed.

   The Court of Appeals *held:*

   A claim of legal malpractice requires a showing that the
   attorney owed a duty to the client. Because no amount of
   preparation or level of skill can anticipate every error or
   completely shield a client from the occasional aberrant ruling
   of a fallible judge or an intransigent jury, an attorney is under
   no duty to do more for a client than that which is legally
   adequate to vindicate fully the client's interests. The fact that
   the defendant's legally adequate defense in the criminal trial
   did not protect Arthur Simko from the errors of the court and
   the jury should not expose the defendant to liability for legal
   malpractice. The trial court properly dismissed the plaintiffs'
   action.

   Affirmed.

   McDONALD, J., dissenting, stated that summary disposition
   was granted inappropriately because, while an attorney is not a

REFERENCES
Am Jur 2d, Attorneys at Law §§ 120, 199.
Legal malpractice in defense of criminal prosecution. 4 ALR5th 273.

guarantor of a trial free from error and has no duty to do more than that which is legally adequate to vindicate fully the client's rights, the plaintiffs' complaint presented an unresolved question whether the defendant's actions were in fact legally adequate to vindicate fully Arthur Simko's rights.

Actions — Legal Malpractice — Duty.

An attorney has no duty to do more for a client than that which is legally adequate to vindicate fully the client's interests.

*Blaske & Blaske, P.C.* (by *E. Robert Blaske*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and *Patrick M. Burrett*), for the defendant.

Before: Connor, P.J., and Holbrook, Jr., and McDonald, JJ.

Connor, P.J. Plaintiffs appeal as of right the trial court's dismissal of their legal malpractice action pursuant to MCR 2.116(C)(8). We affirm.

In 1987, plaintiff Arthur Simko was tried for possession with intent to deliver more than 650 grams of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). His attorney, defendant, Marvin Blake, moved for a directed verdict at the close of the prosecution's case, arguing that there was insufficient evidence of Simko's guilt. The motion was denied. Blake called only Simko to testify in his own defense, then argued to the jury that there was insufficient evidence of Simko's guilt. The jury found Simko guilty of both crimes, and he was sentenced to life in prison. Simko appealed, and this Court, almost two years later, agreed that the evidence was insufficient and reversed Simko's convictions. *People v Simko,* unpublished opinion per curiam of the Court of Appeals, decided November 29, 1989 (Docket No. 105873).

Simko sued Blake for malpractice. We accept all Simko's factual allegations as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. *Parkhurst Homes, Inc v McLaughlin,* 187 Mich App 357, 360; 466 NW2d 404 (1991). Therefore, we accept that Blake could have presented additional evidence to the jury that would have so convinced them of Simko's innocence that they would not have wrongfully convicted him. Proximate cause in attorney malpractice is a question for the trier of fact. *Charles Reinhart Co v Winiemko,* 196 Mich App 110, 113; 492 NW2d 505 (1992). Consequently, we accept that a trier of fact could find that it was because Blake did not present additional evidence that Simko spent two years in prison unnecessarily.

To state a claim of legal malpractice, Simko must show the existence of the client-attorney relationship, the acts constituting negligence, that the negligence was the proximate cause of injury, and the existence and extent of the injury. *Espinoza v Thomas,* 189 Mich App 110, 115; 472 NW2d 16 (1991). Central to any negligence claim is duty: the idea that a defendant was under an obligation for the benefit of a particular plaintiff. *Buczkowski v McKay,* 441 Mich 96, 100; 490 NW2d 330 (1992).

An attorney has a duty to represent a client's interests. Plaintiffs' claim tests how far that duty extends. Plaintiffs contend that an attorney has a duty to do more than that which is minimally adequate to win a client's case. Because it is foreseeable that a trial court will rule incorrectly, and because it is foreseeable that a jury will convict someone unjustly, plaintiffs argue that an attorney has a duty to protect a client from those foreseeable errors where possible.

The mere fact that something is foreseeable does not impose a duty on a defendant. *Id.* at 101.

"Duty" is an expression of the policy considerations that lead the law to say that the plaintiff is entitled to protection. *Id.* at 100-101. Factors to be considered when determining whether a duty exists include: foreseeability of the harm, degree of certainty of the injury, moral blame attached to the conduct, policy of preventing future harm, and the burdens and consequences of imposing a duty and the resulting liability for breach. *Id.* at 101, n 4.

There is no motion that can be filed, no amount of research in preparation, no level of skill, nor degree of perfection that could anticipate every error or completely shield a client from the occasional aberrant ruling of a fallible judge or an intransigent jury. To impose a duty on attorneys to do more than that which is legally adequate to fully vindicate a client's rights would require our legal system, already overburdened, to digest unnecessarily inordinate quantities of additional motions and evidence that, in most cases, will prove to be superfluous. And, because no amount of work can guarantee a favorable result, attorneys would never know when the work they do is sufficiently more than adequate to be enough to protect not only their clients from error, but themselves from liability.

We will not impose a duty on attorneys to do more for a client than that which is legally adequate to vindicate fully the client's interests. We believe it would impose an unreasonable burden to require that an attorney who has identified correctly the legal inadequacy of his opponent's case and has tendered the appropriate motions to the court also be prepared to present additional evidence in support of alternative theories just in case the trial court erroneously should deny the motions. Attorneys and clients must be free to

negotiate among themselves about how to deal with the risks of a mistake. Clients who do not want to take the risk, and can afford it, can contract with their attorneys for whatever extra work is needed to lessen the risk to a level they find acceptable. In the absence of some special agreement, defendants are entitled only to legally adequate representation, and they must accept the risk that the just resolution of their legal problem will have to wait for an appellate court's decision.

In this case, Simko retained Blake to help defend him against two criminal charges. By challenging the sufficiency of the evidence against Simko, Blake raised a complete and ultimately successful defense to both charges. It is unfortunate that the success of Blake's defense was delayed until this Court could correct the errors that had been made below. However, Blake was not Simko's insurer against all possible misfortune; he was his criminal defense lawyer. His duty was to raise an adequate defense to the criminal charges, not to protect Simko from judge and jury.

Affirmed.

HOLBROOK, JR., J., concurred.

McDONALD, J. *(dissenting)*. I respectfully dissent. I believe the trial court erred in granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8), failure to state a claim upon which relief can be granted.

The trial court granted defendant's motion for summary disposition because it found the proximate cause of plaintiffs' injuries to be the criminal trial court's error in failing to grant plaintiff Arthur Simko's motion for a directed verdict. However, it is well settled that there may be more than one proximate cause for the same injury.

*Arbelius v Ploetti,* 188 Mich App 14; 469 NW2d 436 (1991). Thus, the trial court's finding the criminal trial court's error to be a proximate cause of plaintiffs' injuries did not preclude a finding that defendant's actions likewise constituted a proximate cause of the injuries. Plaintiffs' complaint set forth a prima facie case of legal malpractice. It alleged the existence of a client-attorney relationship, negligence resulting from defendant's failure to present an adequate defense in the criminal trial, and that defendant's failure to present an adequate defense was the proximate cause of plaintiff Arthur Simko's imprisonment and related injuries. *Espinoza v Thomas,* 189 Mich App 110; 472 NW2d 16 (1991).

I agree with that portion of the majority opinion that states an attorney is not a guarantor of a trial free from error and has no duty "to do more for a client than that which is legally adequate to vindicate fully the client's interests." However, the majority's application of this principle without analysis begs the question. The question presented by plaintiffs' complaint is whether defendant's actions were in fact "legally adequate to vindicate fully" plaintiffs' rights. Plaintiffs, having set forth a valid claim, are entitled to a determination of this issue. I would find summary disposition was improperly granted.