ARBELIUS v POLETTI

Docket No. 125959. Submitted October 2, 1990, at Marquette. Decided
March 18, 1991, at 9:25 A.M.

Blaine L. Arbelius, as personal representative of the estate of
Douglas A. Arbelius, deceased, brought an action for wrongful
death in the Marquette Circuit Court against Liza L. Poletti,
Keith Jackimowicz, and Terry Beaudry, alleging that the dece-
dent died as a result of injuries suffered in an automobile
accident while he was intoxicated and was a passenger in a
vehicle driven by Kerry Antilla, who also was killed and who
also was intoxicated. Both Antilla and the decedent were under
the age of twenty-one and had attended a party at which beer
allegedly was procured by the defendants. The court, Raymond
J. Jason, J., granted the defendants' motion for summary
disposition, finding that it was not foreseeable to any of the
defendants that Antilla would consume any of the alcoholic
beverages which the defendants procured and that the defen-
dants' involvement therefore was not a proximate cause of the
death of the decedent. The court also found that with regard to
the plaintiff's contention that the decedent's lack of judgment
in riding with Antilla was a result of his intoxication, the
decedent was a noninnocent participant in the drinking party.
The plaintiff appealed.

The Court of Appeals *held:*

1. The court erred in ruling that the defendants' involvement
was not a proximate cause of the death of the decedent. The
issue of proximate cause should have been left to the jury.
Likewise, the question whether an intervening act of negli-
gence is a superseding cause relieving defendant Poletti, the
adult who actually purchased the beer, of liability is one for the
jury.

2. The court erred in applying the noninnocent-party doc-
trine. The doctrine applies only to dramshop actions and not to

References

Am Jur 2d, Intoxicating Liquors §§ 555, 559, 580; Negligence §§ 443-
448, 601-607.

Liability of persons furnishing intoxicating liquor for injury to or
death of consumer, outside coverage of civil damage acts. 98
ALR3d 1230.

actions, such as this, for common-law negligence based in part upon a violation of the statute which prohibits selling or furnishing alcoholic beverages to a minor. There is no valid public policy to prevent a minor who is furnished alcohol in violation of the statute, becomes intoxicated, and is injured as a result from recovering damages from the wrongdoer.

Reversed and remanded.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — QUESTIONS OF CREDIBILITY.

A court may not make findings of fact or weigh credibility in deciding a motion for summary disposition; summary disposition is rarely appropriate in cases involving questions of credibility, intent, or state of mind.

2. NEGLIGENCE — PROXIMATE CAUSE — QUESTIONS OF FACT.

The question of proximate cause of an injury is generally one for the jury; any doubts about the relations between the causes and the effects should be resolved by the jury; the determination of remoteness should seldom, if ever, be summarily determined.

3. NEGLIGENCE — INTERVENING ACTS — SUPERSEDING CAUSES.

The question whether an intervening act is a superseding cause of a plaintiff's injury is a question for the jury.

4. INTOXICATING LIQUORS — NEGLIGENCE — DRAMSHOP ACTIONS — NONINNOCENT-PARTY DOCTRINE.

The noninnocent-party doctrine applies only to dramshop actions and not to actions for common-law negligence based in part upon a violation of the statute which prohibits selling or furnishing alcoholic beverages to a minor (MCL 436.22, 436.33; MSA 18.993, 18.1004).

*Bridges & Houghton* (by *E. Nickolas Bridges*), for the plaintiff.

*U. P. Legal Services, Inc.* (by *Gail E. Ruffus*), for Liza Poletti.

*Clancey, Hansen, Chilman, Graybill & Greenlee, P.C.* (by *Walter L. Hansen*), for Keith Jackimowicz.

Before: MURPHY, P.J., and BRENNAN and MARILYN KELLY, JJ.

MURPHY, P.J. Plaintiff Blaine Arbelius, the personal representative of the estate of Douglas Arbelius, deceased, appeals from a circuit court order which dismissed plaintiff's wrongful-death claim against defendants Liza Poletti, Keith Jackimowicz, and Terry Beaudry. The circuit court granted defendants' motion for summary disposition based upon MCR 2.116(C)(10), the court finding that there was no genuine issue of fact and that defendants were entitled to a judgment as a matter of law. We reverse.

This case involves yet another tragedy resulting from events following consumption of intoxicating liquor by underage individuals. Douglas Arbelius died as a result of injuries suffered in an automobile accident which occurred while he was a passenger in a vehicle driven by Kerry Antilla, who also was killed. Both Arbelius and Antilla were under the age of twenty-one and were participants in a beer-drinking party at a cottage owned by the parents of another youth. Plaintiff's complaint alleged that defendants, who were not licensed retail distributors of alcoholic beverages, negligently sold or furnished alcohol to Douglas Arbelius and that his consumption of this alcohol affected his judgment in deciding to ride in the automobile driven by Kerry Antilla. Plaintiff further alleged that Kerry Antilla's consumption of the alcohol furnished by defendants resulted in his careless driving and the fatal accident.

The trial court found that defendants' conduct was not the proximate cause of Arbelius' death because none of the defendants could have foreseen that Antilla would consume the alcoholic beverages. Furthermore, the trial court found that Arbelius was a noninnocent participant in the drinking party in regard to the contention of plaintiff that the decedent's lack of judgment in

riding with Kerry Antilla was a result of the decedent's own intoxication.

The facts before the trial court revealed that a group of minors planned a party and were looking for an adult to purchase beer. Among the minors in this group were Douglas Arbelius and defendant Beaudry. Although Kerry Antilla was not part of the group, he was present at the restaurant where defendant Beaudry asked defendant Jackimowicz if he would assist them in getting some beer for the party. All involved were minors and all knew that the beer was to be purchased for the purpose of a party. After Jackimowicz said he could get them an adult buyer, Beaudry collected money from the group for the purchase. Apparently, Antilla did not contribute to the purchase of the beer. Jackimowicz and Beaudry then left in a car to contact defendant Poletti, an adult. It appears defendant Jackimowicz had obtained a six-pack of beer earlier in the evening through a similar purchase by Poletti. Following the purchase of six twelve-packs of beer by Poletti, Jackimowicz and Beaudry returned to the restaurant and gave some of the beer to the group of minors who went to the party. Although he denied it at his deposition, Jackimowicz admitted in his answer to the complaint that part of this beer was transferred to Antilla. Jackimowicz apparently joined the group at the party later in the evening, as did Antilla. All individuals at the party were drinking beer, although whether it was the beer the group brought to the party is contested. When the party broke up, Arbelius rode in the automobile with Antilla, who was alleged to have caused the accident in which they were both killed.

Defendant Poletti claims that her role in the affair ended after she had purchased the beer with funds provided by defendant Jackimowicz and that

she did not know for whom the beer was intended. Poletti further argues that Douglas Arbelius' death resulted not from her negligence, but from the negligent driving of Antilla, which she characterizes as an unforeseeable, independent, and intervening cause. Defendant Jackimowicz argues that the cause of Douglas Arbelius' death was Antilla's intoxication and that he did not furnish intoxicants to Antilla. Defendant Beaudry appears to have been unrepresented and has not answered this appeal.

A trial court presented with a motion for summary disposition under MCR 2.116(C)(10) must give the benefit of reasonable doubt to the nonmovant and must determine whether a record might be developed which will leave open an issue upon which reasonable minds could differ. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988). All inferences are to be drawn in favor of the nonmovant. *Dagen v Hastings Mutual Ins Co,* 166 Mich App 225, 229; 420 NW2d 111 (1987). Before summary disposition may be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Peterfish v Frantz,* 168 Mich App 43, 48-49; 424 NW2d 25 (1988).

Summary disposition is rarely appropriate in cases involving questions of credibility, intent, or state of mind. *Michigan National Bank-Oakland v Wheeling,* 165 Mich App 738, 744-745; 419 NW2d 746 (1988). The court may not make findings of fact or weigh credibility in deciding the motion. *Paul v U S Mutual Financial Corp,* 150 Mich App 773, 779; 389 NW2d 487 (1986). Thus, when the truth of a material factual assertion depends on a determination of credibility, a genuine factual issue exists and summary disposition may not be granted. *Metropolitan Life Ins Co v Reist,* 167

Mich App 112, 121; 421 NW2d 592 (1988). Courts are liberal in finding a genuine issue of material fact. *St Paul Fire & Marine Ins Co v Quintana,* 165 Mich App 719, 722; 419 NW2d 60 (1988).

Although we were not provided a transcript of the summary disposition motion, the trial court in this case issued an order in which it concluded that it was not foreseeable to any of the defendants that the driver, Antilla, would consume any of the alcoholic beverages which defendants were involved in procuring. Thus, the trial court concluded, defendants' involvement was not a proximate cause of the death of Douglas Arbelius. In so ruling, the court erred.

In *Camp v Wilson,* 258 Mich 38, 41-42; 241 NW 844 (1932), our Supreme Court discussed the concept of proximate cause:

> "If a man does an act and he knows, or by the exercise of reasonable foresight should have known, that in the event of a subsequent occurrence, which is not unlikely to happen, injury may result from his act, and such subsequent occurrence does happen and injury does result, the act committed is negligent, and will be deemed to be the proximate cause of the injury." *Tozer v [Michigan Central R Co],* 195 Mich 662, 666 [162 NW 280 (1917)].
>
> "It is elementary that where injury results from the concurrent negligence of two or more, each proximately contributing to the result, recovery may be had against one or more, although but one satisfaction may be had." *Banzhof v Roche,* 228 Mich 36, 41 [199 NW 607 (1924)].
>
> "There may be more than one proximate cause for the same injury, and the mere fact that some other cause co-operates with the negligence of the defendant to produce the injury for which suit is brought does not relieve him from liability." 2 Blashfield, Cyclopedia of Automobile Law, p 1204.

Concerning the effect of an intervening act, our Supreme Court has adopted the law as set forth in 2 Restatement Torts, § 447, p 1196:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted." [*Fiser v Ann Arbor,* 417 Mich 461, 474; 339 NW2d 413 (1983).]

In *Fiser,* at 475, the Court also discussed resolution of the proximate cause issue:

*The question of proximate cause is generally held to be one for the jury. Any doubts about the relations between the causes and the effects should be resolved by the jury. The determination of remoteness should seldom, if ever, be summarily determined.* [Emphasis added. Citations omitted.]

In the present case, reasonable minds could conclude that defendants Jackimowicz and Beaudry transferred the beer together, that the beer was unlawfully furnished to Antilla, and that it caused his intoxication which resulted in the automobile accident that killed Arbelius. Defendant Poletti acknowledged in her pleading that she had pled guilty of violating the statute which prohibits furnishing intoxicants to a minor, thus creating a rebuttable presumption of negligence. Although there is no indication in the record that Poletti was informed that she was purchasing alcohol for

a party to be attended by minors, her answers to interrogatories indicate that she was aware that Jackimowicz was a minor. The same answers indicate that she purchased three or four twelve-packs on her second visit to the store on behalf of Jackimowicz. Under the circumstances, reasonable minds could infer that this quantity of beer was large enough that Poletti could have foreseen the possibility that the beer would be transferred to other minors.

The trial court erred in granting summary disposition for defendants on the basis of its finding of no proximate cause. The issue of proximate cause should have been left to the jury. Likewise, the question whether an intervening act of negligence is a superseding cause relieving defendant Poletti of liability was a question for the jury. *Coy v Richard's Industries, Inc,* 170 Mich App 665, 669; 428 NW2d 734 (1988).

The trial court also granted all defendants summary disposition on the basis that Arbelius' participation in the drinking party made him a "noninnocent" party and, thus, precluded his estate's recovery. Applying the noninnocent-party doctrine in this case was error.

Under the noninnocent-party doctrine, an intoxicated person and those who contributed to the intoxication have no cause of action pursuant to the dramshop act. *Jackson v PKM Corp,* 430 Mich 262, 267-268; 422 NW2d 657 (1988); *Waranica v Cheers Good Time Saloons, Inc,* 186 Mich App 398, 400; 464 NW2d 902 (1990). However, the present action was not based on the dramshop act, MCL 436.22; MSA 18.993. Rather, plaintiff claimed that defendants' conduct constituted negligence and that defendants violated the statutory prohibition against selling or furnishing alcoholic liquor to minors. MCL 436.33(1); MSA 18.1004(1) provides:

Alcoholic liquor shall not be sold or furnished to a person unless the person has attained 21 years of age. A person who knowingly sells or furnishes alcoholic liquor to a person who is less than 21 years of age, or who fails to make diligent inquiry as to whether the person is less than 21 years of age, is guilty of a misdemeanor.

In *Longstreth v Gensel,* 423 Mich 675; 377 NW2d 804 (1985), our Supreme Court held that a cause of action exists against a person who furnishes alcoholic beverages to one under the age of twenty-one in violation of this statute because minors are within the class of persons the statute was meant to protect. In so holding, the Court rejected the view that a minor who consumes the illegally furnished alcohol is precluded from recovery when the cause of action is based upon common-law negligence principles, as opposed to a dramshop action.[1] The Court stated:

A dramshop action is based on § 22, which has been interpreted to provide an exclusive statutory remedy on behalf of designated third parties against licensees. The cause of action is not based on negligence principles. This must be compared with the present case, which is based on common-law negligence principles. [*Id.* at 696. Emphasis omitted. Citation omitted.]

The noninnocent-party doctrine is not a creature of the common law, nor is it based on common-law negligence principles. Rather, the doctrine developed in relation to a statutory cause of action

[1] After the Supreme Court's decision in *Longstreth,* the dramshop statute, MCL 436.22; MSA 18.993, was amended. One panel of this Court has since held that the statutory amendment no longer precludes an illegally served intoxicated minor from maintaining an action under the dramshop statute. *LaGuire v Kain,* 185 Mich App 239; 460 NW2d 598 (1990). But see *Waranica v Cheers Good Time Saloons, Inc,* 186 Mich App 398; 464 NW2d 902 (1990).

based upon an alleged violation of the dramshop act, MCL 436.22; MSA 18.993. *Craig v Larson,* 432 Mich 346, 355; 439 NW2d 899 (1989). The doctrine is a defense to a dramshop action gleaned from the intent of the Legislature in adopting and amending the dramshop act. *Id.*

In *Longstreth,* the Supreme Court reaffirmed that the noninnocent-party defense applies only to dramshop actions and does not apply to a negligence action against a social host. The Court permitted a common-law negligence cause of action in favor of minors who suffered injury caused by the unlawful sale or furnishing of intoxicants to minors in violation of MCL 436.33; MSA 18.1004. *Id.* at 696.

Despite the analysis and holding in *Longstreth,* a panel of this Court, with one judge dissenting, has held that the noninnocent-party defense applies, at least under certain facts,[2] to a common-law negligence action. *Pollard v Village of Ovid,* 180 Mich App 1; 446 NW2d 574 (1989). We reject the majority opinion in *Pollard* as unpersuasive and adopt the dissent, which we believe more accurately construes *Longstreth* and the history of the noninnocent-party doctrine, as well as common-law negligence principles.

We hold that the noninnocent-party doctrine applies only to dramshop actions and not to actions for common-law negligence based in part upon a violation of MCL 436.33; MSA 18.1004, which prohibits selling or furnishing alcoholic beverages to a minor. The Legislature has determined that minors are in a class to be protected from an illegal sale or furnishing of alcohol. Thus, we can find no valid public policy reason to prevent a

---

[2] The facts in *Pollard* established that the injured third party, who was a passenger in the vehicle being driven by the minor, was an adult who admittedly participated in the minor's intoxication.

minor who is furnished alcohol in violation of the statute, becomes intoxicated, and is injured as a result from recovering damages from the wrongdoer. Comparative negligence principles will adequately address the minor's conduct and any perceived inequities.[3]

Reversed and remanded for further proceedings consistent with this opinion. Costs to appellant.

---

[3] As the Court stated in *Longstreth* when it provided a cause of action for injuries or death caused by the furnishing of alcoholic beverages to a person under twenty-one years of age: "application of comparative negligence principles may lessen any perceived hardships of this rule." *Id.* at 696.