SZYMCZAK v AMERICAN SEATING COMPANY

Docket No. 147300. Submitted December 7, 1993, at Grand Rapids. Decided March 21, 1994, at 9:45 A.M.

Gerald Szymczak brought an action in the Kent Circuit Court against American Seating Company, alleging that the defendant's act of placing him on indefinite medical leave from employment violated the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* The court, Dennis C. Kolenda, J., found that the plaintiff's handicap, a congenital disorder that causes him to experience seizures, related to his ability to do his job and granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held:*

A handicap that prevents someone from doing a job with due regard for personal safety and that of others is a handicap that is related to the ability to perform that job. Because the plaintiff's seizures come without warning, he cannot safely work with power tools and power equipment. When the plaintiff is not operating power tools or equipment, his seizures do not expose his co-workers to danger or increase the danger the plaintiff always faces as someone who experiences seizures. There is a disputed factual question that is material and controlling regarding whether the plaintiff's job required him to use power tools and equipment. That question must be resolved before it can be determined whether the defendant's conduct violated the act.

Reversed and remanded.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — DUTIES OF JOB — SAFETY.

One of the duties of any job is to work safely; employees owe a general duty to their employers to act with due regard for the safety of themselves and others while at work; a handicap that prevents someone from doing a job with due regard for per-

REFERENCES

Am Jur 2d, Job Discrimination §§ 124, 165-167, 175, 176.

Handicap as job disqualification under state legislation forbidding job discrimination on account of handicap. 78 ALR4th 265.

sonal safety and that of others is a handicap that is related to the ability to perform that job for purposes of the Michigan Handicappers' Civil Rights Act (MCL 37.1103[e][i][A], [l][i]; MSA 3.550[103][e][i][A], [l][i]).

2. Civil Rights — Handicappers' Civil Rights Act — Duties of Job.

The duties of a particular job, for purposes of the Michigan Handicappers' Civil Rights Act, are not determined solely by reference to the employer's definition of the job (MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

*Thomas Van Hattum & Associates, P.C.* (by *Walter L. Harrison*), for the plaintiff.

*Miller, Johnson, Snell & Cummiskey* (by *Charles C. Hawk*), for the defendant.

Before: Michael J. Kelly, P.J., and Connor and A. A. Monton,* JJ.

Connor, J. After being put on indefinite medical leave, plaintiff brought this lawsuit against his employer, claiming that the action violated the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* Defendant argued that plaintiff's handicap related to his ability to do his job, and therefore its action did not violate the HCRA. The trial court agreed with defendant, and dismissed plaintiff's complaint by granting defendant's motion for summary disposition. MCR 2.116(C)(10). Plaintiff appeals as of right. We reverse and remand.

Plaintiff suffers from a congenital disorder that causes him to experience seizures. During a seizure, plaintiff blacks out for a few minutes, and he may convulse. It is not unusual for him to injure himself slightly during a seizure: in the past, he has bitten his tongue, cut his head, and broken a thumb.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff takes medication to control the seizures. The medication limits their frequency and severity, but does not prevent them from occurring. As a result, plaintiff experiences seizures about once a year, and can expect to continue to experience them for the foreseeable future.

Plaintiff had been employed by defendant for more than ten years when he experienced two seizures at work in a seven-month period. After the second one, plaintiff's doctor said plaintiff could return to work immediately, but defendant's doctor would not allow plaintiff to do so. Defendant put plaintiff on medical leave in February of 1990, and has not allowed him to return to work.

The sole issue on appeal is whether the trial court correctly decided that plaintiff's handicap related to his ability to do his job. The HCRA says that a handicap is unrelated to the ability to perform a particular job when it does not prevent the individual from performing the duties of the job. MCL 37.1103(l)(i); MSA 3.550(103)(l)(i). Defendant does not argue that the handicap is related to plaintiff's ability to do the job because of the brief periods of incapacitation plaintiff experiences during and after seizures. Instead, defendant argues that plaintiff's handicap prevents him from doing his job safely, and therefore relates to his ability to do the job.

We agree that one of the duties of any job is to work safely: employees owe a general duty to their employers to act with due regard for the safety of themselves and others while at work. Consequently, we agree that a handicap that prevents someone from doing a job with due regard for the safety of himself and others is a handicap that is related to the ability to perform that job.

Because plaintiff's seizures generally come without warning, no one disputes that he cannot safely

work with power tools or equipment. However, as long as plaintiff is not operating power tools or equipment, his seizures do not expose his co-workers to danger, and do not increase the danger he always faces as someone who experiences seizures.

The HCRA is concerned with the ability to do a particular job. See MCL 37.1103(e)(i)(A) and (l)(i); MSA 3.550(103)(e)(i)(A) and (l)(i); MCL 37.1202; MSA 3.550(202). The duties of a particular job are not determined solely by reference to the employer's definition of the job. See *Adkerson v MK-Ferguson Co,* 191 Mich App 129, 140; 477 NW2d 465 (1991). The evidence presented shows that plaintiff worked as part of a thirty-person work group. Power tools and equipment were routinely used in the group, but the tasks to which plaintiff had been assigned immediately before his placement on medical leave did not require their use. Giving the benefit of reasonable doubt to plaintiff, *Arbelius v Poletti,* 188 Mich App 14, 18; 469 NW2d 436 (1991), the particular job at issue did not require plaintiff to use power tools and equipment; giving the benefit of reasonable doubt to defendant, it did. Therefore, despite the agreement of the parties and the trial court that there was no dispute of material fact, we find there is a disputed fact that is material and controlling. We reverse the trial court's summary dismissal of plaintiff's complaint and remand for further proceedings consistent with this opinion. The factual question whether plaintiff's job required him to use power tools and equipment must be resolved by the trier of fact before it can be determined whether defendant's conduct violated the HCRA.

Reversed and remanded. We do not retain jurisdiction.