SHIMMONS v MORTGAGE CORPORATION OF AMERICA

Docket No. 151398. Submitted May 4, 1994, at Lansing. Decided June 21, 1994, at 9:00 A.M.

Steven B. Shimmons brought an action in the Genesee Circuit Court against Mortgage Corporation of America, alleging fraudulent omission with regard to the defendant's failure to inform the plaintiff at the time the plaintiff purchased a house "as is" from the defendant that the Grand Blanc Township Building Department had inspected the house, declared it uninhabitable, and issued to the defendant a repair notice and order. The plaintiff alleged that the cost of rehabilitating the house to comply with the notice and order was greater than it otherwise would have been. The court, Valdemar L. Washington, J., granted summary disposition for the defendant, finding that it had no duty to disclose that the house had been deemed uninhabitable. The plaintiff appealed.

The Court of Appeals *held:*

1. A plaintiff may allege fraudulent concealment even where the purchase agreement includes an "as is" clause.

2. The issuance of the repair notice and order was a latent defect that must be disclosed.

3. It is not reasonable to assume, as a matter of law, that every purchaser should examine the local building inspector's records before purchasing a residential home. Whether such an assumption should be made in this case is a question of fact to be determined by the jury.

4. The trial court erred in weighing the credibility of the parties' affidavits to determine whether the plaintiff had actual knowledge of the repair notice and order. Summary disposition was inappropriate.

Reversed and remanded.

1. VENDOR AND PURCHASER — REALTY — LATENT DEFECTS — FRAUDU-
LENT CONCEALMENT — "AS IS" CLAUSES.

An "as is" clause in a purchase agreement for the sale of realty does not preclude a purchaser from alleging fraudulent concealment of a latent defect; fraudulent concealment is established by showing that the hidden defect, which need not be unreason-

ably dangerous, was known to the vendor and that the purchaser had no knowledge of it.

2. Vendor and Purchaser — Realty — Latent Defects — Uninhabitable Realty — Repair Notices and Orders.

The issuance of a repair notice and order regarding realty following a township building department's declaration of the realty as uninhabitable is a latent defect that must be disclosed by the owner when selling the property.

*Cline, Cline & Griffin* (by *Timothy H. Knecht*), for the plaintiff.

*Sotiroff Abramczyk & Rauss, P.C.* (by *Lawrence A. Tower* and *Edward S. Toth*), for the defendant.

Before: Hood, P.J., and Cavanagh and D. A. Teeple,* JJ.

Per Curiam. In this case alleging fraudulent omission, plaintiff appeals as of right from the trial court's order granting summary disposition in favor of defendant. We reverse and remand.

Plaintiff, Steven B. Shimmons, purchased a house "as is" from defendant, Mortgage Corporation of America. Before the sale, the Grand Blanc Township Building Department had inspected the house, declared it uninhabitable, and issued to defendant a repair notice and order. Defendant did not advise plaintiff of the existence of the repair notice and order.

Plaintiff alleged that the cost of rehabilitating the house to comply with the repair notice and order was considerably greater than it otherwise would have been.

The trial court granted summary disposition to defendant, finding it had no duty to disclose that the house had been deemed uninhabitable. This appeal followed.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

A plaintiff may allege fraudulent concealment even where the purchase agreement includes an "as is" clause. *Clemens v Lesnek,* 200 Mich App 456, 460; 505 NW2d 283 (1993). Fraudulent concealment is established by showing that the hidden defect (which need not be unreasonably dangerous) was known to the vendor and that the purchaser had no knowledge of it. *Id.* at 459-461.

Plaintiff does not dispute that he was aware of the physical condition of the house. However, because plaintiff allegedly was required to carry out more extensive and expensive repairs because the house had been declared uninhabitable, we conclude that issuance of the repair notice and order was a latent defect that must be disclosed. Cf. *Mulheron v Henry S Koppin Co,* 221 Mich 187, 189, 191; 190 NW 674 (1922), overruled on other grounds *Witte v Hobolth,* 224 Mich 286; 195 NW 82 (1923).

Defendant asserts that plaintiff should be charged with constructive knowledge of the repair notice and order because it was a matter of public record. We disagree. It is not reasonable to assume, as a matter of law, that every prospective purchaser should examine the local building inspector's records before purchasing a residential home. Whether such an assumption should be made in this case is a question of fact for the jury.[1]

There remains a further issue of material fact whether plaintiff had actual knowledge of the building department's determination. The trial court could not weigh the credibility of the affidavits to decide this issue. Accordingly, summary

[1] *McMullen v Joldersma,* 174 Mich App 207; 435 NW2d 428 (1988), cited by defendant, is distinguishable because (1) that case concerned a proposed highway bypass plan that had been a matter of public record for years, and (2) the plaintiffs were represented by an attorney and a certified public accountant.

disposition pursuant to MCR 2.116(C)(10) was inappropriate. *Arbelius v Poletti,* 188 Mich App 14, 18; 469 NW2d 436 (1991).

Reversed and remanded for further proceedings. We do not retain jurisdiction.