*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MYREKA HASSEN,

　　　　　　Plaintiff-Appellant,

v

ANESHA HOPSON,

　　　　　　Defendant-Appellee.

UNPUBLISHED
February 29, 2024

No. 358851
Kent Circuit Court
LC No. 21-002416-NO

ON REMAND

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appealed by right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(10). This Court affirmed. See *Hassen v Hopson*, unpublished per curiam opinion of the Court of Appeals, issued August 11, 2022 (Docket No. 358851) (*Hassen I*), vacated in part 512 Mich 95 (2023) (Docket No. 164811). In lieu of granting plaintiff's application for leave to appeal this Court's decision, our Supreme Court vacated the portion of *Hassen I* that reviewed plaintiff's premises-liability claim and remanded to this Court for reconsideration in light of *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; ___ NW3d ___ (2023) (Docket Nos. 162907 and 163430), and its companion case. *Hassen v Hopson*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 164811) *(Hassen II)*. We again affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The pertinent facts and procedural history leading to this appeal were set forth in *Hassen I*:

On January 31, 2021, plaintiff made a social visit to defendant's home. While leaving the home after dark, she fell while descending the stairs from defendant's back door, injuring her ankle. Plaintiff filed a premises liability complaint alleging that defendant breached her duty to keep her property safe for visitors. Plaintiff also alleged a breach of duty under an ordinary negligence theory,

-1-

asserting that violations of building codes pertaining to defendant's property were evidence of defendant's negligence.

Plaintiff testified at her deposition that she had been to defendant's house multiple times while visiting Grand Rapids. As a former resident of Michigan (although then living in Ohio), plaintiff agreed that she was familiar with winter conditions in the state.

Defendant's back stairs, which were often used by defendant's social guests, consisted of approximately five steps, with a handrail on one side and the house on the other. A motion-activated light was present at the top of the steps by the back door, but vigorous motion was required for the sensor to work and activate the light. Plaintiff testified that she had visited defendant's home the evening before she slipped, and had used the stairs to the back door, although plaintiff stated that she had not used the handrail. Plaintiff had no trouble traversing the stairs that day.

Plaintiff further testified that when she drove her car into defendant's driveway the next day, she saw defendant shoveling snow at the front of the home. Plaintiff recalled that fresh snow had fallen since the night before, and she could see that the back steps had spots of snow on them. When plaintiff left defendant's home a few hours later, it was dark outside. Plaintiff followed behind defendant while exiting, and plaintiff slipped on the steps. Plaintiff said that she instinctively grabbed the railing when she slipped, but that the railing was "wobbly" and she lost her grip of it. Defendant's exterior light had not turned on, so plaintiff could not see what she had slipped on. Defendant was able to turn the exterior light on, then said, "[O]h, it was a piece of ice that I missed." Defendant testified that she had salted that day and that she routinely shoveled and salted twice a day because of ice buildup from the gutterless roof.

In response to plaintiff's claims, defendant moved for summary disposition under MCR 2.116(C)(10). The trial court granted defendant's motion, holding that the case sounded only in premises liability, and that because plaintiff was a licensee on defendant's property, defendant owed no duty to warn her of dangers that plaintiff would know or have reason to know existed. Further, the trial court held that, even if it could consider the building code violations alleged by plaintiff as evidence of defendant's negligence, the open and obvious danger doctrine would still bar the ordinary negligence claim. The trial court rejected plaintiff's argument that the ice on defendant's steps presented any special aspects that would make it effectively unavoidable or otherwise unreasonably dangerous. Finally, the trial court noted that even though defendant owed no duty to plaintiff to keep the premises safe from hidden dangers, defendant had still taken steps to shovel snow and apply salt before plaintiff's second visit. [*Hassen I*, unpub op at 1-2.]

This Court affirmed the trial court's grant of summary disposition, holding that plaintiff was a licensee on defendant's property and, accordingly, defendant only had the limited duty to warn plaintiff of hidden hazards of which defendant was, or should have been, aware and of which

plaintiff was not. *Id.* at 3. Further, the record showed that plaintiff was familiar with Michigan winters and the steps in question, and had seen snow on the steps and noted the lighting conditions when arriving at defendant's home. Consequently, this Court concluded that plaintiff had failed to establish that defendant owed her an affirmative duty to inspect the premises and make the steps safer, and that defendant did not breach the limited duty owed to plaintiff as a licensee. *Id.* at 4. This Court therefore declined to reach the issue of whether the "open and obvious" doctrine as formulated in *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001), and its progeny, barred plaintiff's claim:

> Because plaintiff had reason to know that snow and ice could make steps slippery, we need not decide whether the presence of snow and ice rendered the danger open and obvious; however, the trial court did not err by determining that the alleged hazard was not a hidden one of which plaintiff would not know or have reason to know. [*Hassen I*, unpub op at 4.]

This Court also held that plaintiff's ordinary negligence claim sounded in premises liability, and the trial court therefore did not err by dismissing it. *Id.* at 5.

We now consider the issue anew following the Supreme Court's remand in *Hassen II*.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Id*. at 119-120 (citation omitted). If the movant meets her initial burden of supporting her position that no genuine issue of material fact exists, the burden shifts to the nonmoving party to establish otherwise. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "When the burden of proof at trial would rest on the nonmoving party, the nonmovant may not rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006), citing *Quinto*, 451 Mich at 362. See also MCR 2.116(G)(4). A trial court may not make findings of fact or credibility when deciding a motion for summary disposition. *Arbelius v Poletti*, 188 Mich App 14, 18; 469 NW2d 436 (1991). However, "the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial." *Id*.

A motion for summary disposition under MCR 2.116(C)(10) is properly granted when a claim presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell,* 273 Mich App at 229.

III. ANALYSIS

Because the trial court found that defendant would have been entitled to summary disposition even without applying the open and obvious doctrine, and because our holding in *Hassen I* was not based on the open and obvious doctrine or otherwise affected by *Kandil-Elsayed*, we affirm.[1]

In 2023, the Michigan Supreme Court revisited the open and obvious danger doctrine as it has been understood for over two decades, and it overruled the framework announced in *Lugo*. *Kandil-Elsayed*, 512 Mich at 143. After discussing several of the same arguments advanced by plaintiff in this appeal, the Court held that *Lugo* was wrongly decided, "generated a host of practical-workability problems," and that reliance interests were not strong enough to uphold the *Lugo* framework. *Id*.

That said, *Kandil-Elsayed* did not "abolish" the doctrine. Instead, it declared that the open and obvious nature of a condition is relevant to the element of breach and, assuming that an otherwise actionable premises liability claim has been established, whether the plaintiff's damages should be reduced on the basis of comparative fault. *Id*. at 144. At the end of its analysis, the Supreme Court provided the following explanation of the now-controlling framework:

> To summarize, a land possessor owes a "duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. Our decision does not alter the standard of reasonable care owed to an invitee, meaning that it's not necessary for land possessors to heed the advice in Justice VIVIANO's dissent to "immediately . . . rectif[y]" hazards on their property to avoid liability. Rather, as has always been true, a land possessor need only exercise reasonable care under the circumstances. As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Id*. at 148 (alteration in original).]

Recently, in *Gabrielson v The Woods Condo Ass'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket Nos. 364809, 364813); slip op at 2, 8, this Court held that "the rule of law announced in *Kandil-Elsayed* should operate retroactively and applies to all cases currently pending on direct appeal."

---

[1] Because our Supreme Court only vacated Part III of our opinion *Hassen I*, ___ Mich at ___; 995 NW2d at 338, we leave undisturbed our holding affirming the trial court's holding regarding plaintiff's claim for ordinary negligence.

-4-

The particular duty owed by a property owner to a person on the property is determined by the person's status on the property as an invitee, licensee, or trespasser. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). An invitee is one who enters an owner's property for a commercial purpose. *Id*. at 607. On the other hand, "[a] 'licensee' is a person who is privileged to enter the land of another by virtue of the possessor's consent." *Id*. at 596. "Typically, social guests are licensees who assume the ordinary risks associated with their visit." *Id*. As stated, the parties agreed, and the trial court held, that plaintiff was a licensee on defendant's property because she was visiting a friend in a social capacity, not for any business purpose.

Property owners owe only a limited duty to a licensee. *Campbell*, 273 Mich App at 236. "A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved." *Stitt*, 462 Mich at 596. Beyond that limited duty, however, property owners have "no affirmative duty to inspect the premises or to make the premises safe for licensees." *Blackwell v Franchi*, 502 Mich 918, 919 (2018). Even when property owners owe a higher duty of care to invitee visitors, the owner's duty does not require that the landowner make the premises absolutely foolproof. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995).

Generally speaking, "the question of breach—'whether defendants' conduct in the particular case is below the general standard of care'—is a question of fact for the jury." *Kandil-Elsayed*, 512 Mich at 112 (citation omitted). However, in the absence of a genuine issue of material fact, summary disposition on the basis of the breach element may still be appropriate. *Kandil-Elsayed*, 512 Mich at 112 n 2, 148 n 28.

In this case, although the trial court held that plaintiff's claim was barred by the open and obvious doctrine, it also held that defendant had not violated the limited duty owed to plaintiff as a licensee:

> Finally, the Court notes that dismissal of this action is proper given that Hopson's undisputed testimony establishes that she regularly shoveled and salted her back porch, and that she did so on the day of the accident. Hopson testified that, before Hassen arrived on January 31, 2021, she was "out there salting. I salted this deck just prior to her coming, you know." Because Hassen was a licensee, Hopson *did not owe* Hassen a duty of inspection or affirmative care to make the premises safe for her visit. . . . Accordingly, even if Hassen's claims were not barred by the open and obvious doctrine, the evidence suggests that Hopson did not act negligently, which must be established in a premises liability action.

The trial court's alternative grounds for affirmance comport with the record evidence. Although plaintiff did dispute whether defendant had applied salt to the stairs, it was undisputed that she saw defendant clearing snow from the stairs when she arrived. Her own deposition testimony indicated that she had navigated the stairs in the dark and was therefore aware of the condition of both the stairs and the lighting before her fall. And while plaintiff also argued that defendant had negligently failed to repair a loose and wobbly handrail, plaintiff only speculates that she might have been able to avoid her injury if she had been able to grab a sturdier handrail after falling; she does not allege that the handrail itself caused her fall or injury. Even viewed in

the light most favorable to the plaintiff, *Maiden*, 461 Mich at 119, plaintiff failed to establish a genuine issue of material fact regarding whether defendant breached the limited duty owed to plaintiff as a licensee. *Kandil-Elsayed*, 512 Mich at 112 n 2, 148 n 28.

*Kandil-Elsayed*'s holding does not require a different result. In *Kandil-Elsayed*, the Supreme Court affirmed that the duty of care owed by a landowner to persons on the land was determined by "the three traditional status-based categories—licensee, invitee, and trespasser." *Id.* at 143. *Kandil-Elsayed* did not alter the limited duty owed to licensees or the types of evidence that might demonstrate breach of that limited duty. And our holding in *Hassen I* was not based on the open and obvious doctrine, but on plaintiff's failure to demonstrate a genuine issue of material fact concerning defendant's alleged breach of the limited duty owed by defendant to plaintiff.

Accordingly, although the portion of the trial court's order holding that the hazard was open and obvious is now erroneous in light of *Kandil-Elsayed*, we affirm the trial court's grant of defendant's motion for summary disposition on the alternative grounds noted by the trial court and this Court in *Hassen I*. See *Bailey v Antrim Co*, 341 Mich App 411, 420; 990 NW2d 372 (2022) (stating that "we will not reverse a trial court's decision when it reaches the right result, even if it was for the wrong reason.")

Affirmed.

/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien