*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINE SIRREY,

        Plaintiff-Appellee,

v

J DELL HAIR STUDIO,

        Defendant-Appellant.

UNPUBLISHED
February 29, 2024

No. 356323
Macomb Circuit Court
LC No. 2020-000733-NO

ON REMAND

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.[1]

PER CURIAM.

Defendant appealed by leave granted[2] the trial court's order denying its motion for summary disposition. This Court reversed and remanded for entry of an order granting that motion. *Sirrey v J Dell Hair Studio*, unpublished per curiam opinion of the Court of Appeals, issued March 10, 2022 (Docket No. 356323) (*Sirrey I*), vacated in part ___ Mich ___; 977 NW2d 212 (2023) (Docket No. 164283). In lieu of granting leave to appeal this Court's decision, the Michigan Supreme Court vacated *Sirrey I* to the extent that it was inconsistent with *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; ___ NW3d ___ (2023) (Docket Nos. 162907 and 163430), and its companion case, and remanded to this Court for reconsideration in light of those cases. *Sirrey v J Dell Hair Studio, LLC*, ___ Mich ___ (2023) (Docket No. 164283) (*Sirrey II*). We affirm.

---

[1] Judge Murray has been designated to serve in the stead of former Judge Amy Ronayne Krause, who served on the panel that heard this case on direct appeal.

[2] *Sirrey v J Dell Hair Studio*, unpublished order of the Court of Appeals, entered May 26, 2021 (Docket No. 356323).

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The relevant facts and procedural history leading to this appeal were set forth in *Sirrey I*:

On Sunday, March 5, 2017, plaintiff was a patron at defendant's hair salon; defendant had opened for business that day specifically to perform hairstyling and makeup for plaintiff's daughter and her wedding party. Plaintiff slipped and fell while on the premises and allegedly was injured. Defendant's owner, Janan Delly (Delly), had styled plaintiff's hair, but had waited to style her bangs until after her makeup was finished. While plaintiff was getting her makeup done, Delly's young niece and nephew entered the salon, and Delly cut their hair. According to plaintiff, while she was waiting to have her bangs styled, Delly came to the makeup chair in which plaintiff was sitting and instructed her to follow Delly to her salon chair. By contrast, Delly testified at her deposition that she was in the back of the salon retrieving a broom to sweep up her niece's and nephew's hair when plaintiff fell, and that plaintiff had walked to Delly's salon chair of her own accord.

In any event, as plaintiff approached the salon chair, she slipped on what she later identified as hair clippings on the floor, and alleged that she had sustained injuries. Although she admitted to not watching the floor as she was walking, plaintiff opined at her deposition that she would not have seen the hair clippings if she had glanced at the floor, given that the hair and defendant's floor were both dark; however, she also stated that she "probably" would have seen the hair on the floor if she had been looking at the floor while she was walking, and that she had not expected hair to be on the floor because the salon was not open. However, Delly testified that the salon floor was a light gray color. In a photograph provided to the trial court by defendant, the salon floor around the chair appears light or medium gray, with dark mats covering portions of the floor; in another photograph of a different portion of the salon floor, the floor appears light brown or gray. Plaintiff indicated that there were a lot of hair clippings on the floor in a two-foot area along the back of the salon chair.

Plaintiff filed suit, alleging that defendant had breached its duty as a premises owner and had caused her injury. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that there was no genuine issue of material fact that the open and obvious doctrine barred plaintiff's claim, and that the hair clippings on the floor had no special aspects that would preclude application of the open and obvious doctrine. The trial court denied defendant's motion, holding that there was a substantial dispute regarding the open and obvious nature of the hair clippings on the salon floor. Defendant moved for reconsideration, which the trial court denied. This appeal followed. [*Sirrey I*, unpub op at 1-2.]

In *Sirrey I*, the majority of the panel agreed with defendant that the trial court erred by denying defendant's motion for summary disposition because the hair clippings on the salon floor constituted an open and obvious danger with no special aspects under *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001), and its progeny. *Sirrey I*, unpub op at 3. After the Supreme

-2-

Court remanded the case, plaintiff moved this court for peremptory affirmance of the trial court's order, which this Court denied. See *Sirrey v J Dell Hair Studio, LLC*, unpublished order of the Court of Appeals, entered January 17, 2024 (Docket No. 356323). The parties then filed supplemental briefs on appeal. We now consider the matter anew following the Supreme Court's remand in *Cox II*.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Id*. at 119-120 (citation omitted). If the movant meets her initial burden of supporting her position that no genuine issue of material fact exists, the burden shifts to the nonmoving party to establish otherwise. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "When the burden of proof at trial would rest on the nonmoving party, the nonmovant may not rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006), citing *Quinto*, 451 Mich at 362. See also MCR 2.116(G)(4). A trial court may not make findings of fact or credibility when deciding a motion for summary disposition. *Arbelius v Poletti*, 188 Mich App 14, 18; 469 NW2d 436 (1991). However, "the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial." *Id*.

A motion for summary disposition under MCR 2.116(C)(10) is properly granted when a claim presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell*, 273 Mich App at 229.

## III. ANALYSIS

Defendant argues that the trial court erred by denying its motion for summary disposition. In light of recent developments in the law, we disagree and affirm the trial court's denial, albeit for different reasons.

In 2023, our Supreme Court revisited the open and obvious danger doctrine as it has been understood for over two decades, and it overruled the framework announced in *Lugo*. *Kandil-Elsayed*, 512 Mich at 143. The Court held that *Lugo* was wrongly decided, "generated a host of practical-workability problems," and that reliance interests were not strong enough to uphold the *Lugo* framework. *Id*. That said, *Kandil-Elsayed* did not "abolish" the doctrine. Instead, it declared that the open and obvious nature of a condition is relevant to the element of breach (rather than the element of duty) and, assuming that an otherwise actionable premises liability claim has been established, whether the plaintiff's damages should be reduced on the basis of comparative fault.

*Id*. at 144. At the end of its analysis, the Supreme Court provided the following explanation of the now-controlling framework:

> To summarize, a land possessor owes a "duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. Our decision does not alter the standard of reasonable care owed to an invitee, meaning that it's not necessary for land possessors to heed the advice in Justice VIVIANO's dissent to "immediately . . . rectif[y]" hazards on their property to avoid liability. Rather, as has always been true, a land possessor need only exercise reasonable care under the circumstances. As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Id*. at 148 (alteration in original).]

Recently, in *Gabrielson v The Woods Condominium Assoc'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket Nos. 364809, 364813), slip op at 2, 8, this Court held that "the rule of law announced in *Kandil-Elsayed* should operate retroactively and applies to all cases currently pending on direct appeal."

In this case, the trial court held that a genuine issue of material fact existed as to whether defendant owed plaintiff a duty of care regarding the alleged hazard. Under *Kandil-Elsayed*, this holding is now erroneous; because plaintiff was an invitee at defendant's business, as a matter of law defendant owed plaintiff a "duty to exercise reasonable care to protect [her] from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed*, 512 Mich at 149 (quotation marks and citation omitted; alteration in original). However, whether a condition was open and obvious is now relevant as part of the factual inquiry regarding whether defendant breached its duty of care. See *id*. at 148 ("As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee."). Nonetheless, the trial court reached the correct result under the new legal framework set forth in *Kandil-Elsayed*. We therefore affirm the trial court's holding, albeit for a different reason. See *Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 449; 886 NW2d 445 (2015) ("We will affirm a trial court's decision on a motion for summary disposition if it reached the correct result, even if our reasoning differs.").[3]

---

[3] Defendant argues in its supplemental brief that the evidence establishes as a matter of law that it did not breach its duty to plaintiff and that we should therefore reverse the trial court on that ground and again order that summary disposition be entered in favor of defendant. We conclude, however, that those issues should be addressed by the trial court, on remand, in the first instance.

Affirmed.

/s/ Mark T. Boonstra
/s/ Christopher M. Murray
/s/ Thomas C. Cameron