*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHERYL COX and FRANK COX,

        Plaintiffs-Appellants,

v

AMERICA MULTI-CINEMA, INC.,

        Defendant-Appellee.

UNPUBLISHED
March 21, 2024

No. 357588
Oakland Circuit Court
LC No. 2020-180668-NO

## ON REMAND

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

Plaintiffs appealed by right the trial court's order granting defendant's motion for summary disposition. This Court affirmed the trial court's order. *Cox v America Multi-Cinema, Inc*, unpublished per curiam opinion of the Court of Appeals, issued November 10, 2022 (Docket No. 357588) (*Cox I*), vacated in part ___ Mich ___; 995 NW2d 331 (2023) (Docket No. 165126). In lieu of granting leave to appeal this Court's decision, the Michigan Supreme Court vacated the introduction to Part III, and all of Part III-A, of *Cox I* and remanded to this Court for reconsideration in light of *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; ___ NW3d ___ (2023) (Docket Nos. 162907 and 163430), and its companion case. *Cox v America Multi-Cinema, Inc*, ___ Mich ___; 995 NW2d 331 (2023) (Docket No. 165126) (*Cox II*). We affirm in part, reverse in part, and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The pertinent facts and procedural history leading to this appeal were set forth in *Cox I*:

On December 4, 2018, plaintiff Cheryl Cox (Cheryl) purchased a ticket at a movie theater owned by defendant. She was using a wheeled mobility scooter as she entered the theater auditorium. Cheryl testified at her deposition that she was fully blind in her right eye and had 50% vision in her left eye, but did not tell any of the theater staff about her vision problems. After Cheryl entered the empty auditorium, she decided to turn around and exit the auditorium to ask staff for

assistance with parking her mobility scooter. She admitted at her deposition that she could have walked out of the auditorium to get help, but chose to remain in her mobility scooter. When Cheryl attempted to turn around, she accidentally backed the mobility scooter down some steps, resulting in her falling down and her mobility scooter landing on top of her, causing injury.

Plaintiffs filed a complaint against defendant alleging claims of negligence and loss of consortium. Plaintiffs claimed that defendant had breached its duty to Cheryl by having poor theater design, low lighting, and inadequate staff training, and by failing to properly mark hazards and handicapped seating sections. Defendant denied that it breached a duty owed to Cheryl and moved for summary disposition, arguing that plaintiffs' claims were barred by the open and obvious doctrine because steps—especially the steps at issue, which were lined with white handrails, lights, aluminum edges, and yellow and black stripes—are an open and obvious condition that do not present unreasonable danger. Defendant also argued that Cheryl's vision problems did not preclude application of the open and obvious doctrine.

Plaintiffs responded by arguing for the first time that defendant had negligently violated the Americans with Disabilities Act (ADA), 42 USC 12101 et seq., when designing its theater auditorium. Plaintiffs also claimed that special aspects existed that negated the application of the open and obvious doctrine.

After a hearing on defendant's motion, the trial court issued a written opinion in which it concluded, as a matter of law, that the allegedly hazardous condition was open and obvious and that there were no attendant special aspects. As for the ADA argument, the trial court determined that plaintiffs had failed to timely raise a claim for violation of the ADA in their complaint. Finally, the trial court determined that plaintiffs' loss of consortium claim failed because it was derivative of the failed premises liability claim. [*Cox I*, unpub op at 1-2.]

On appeal, plaintiffs again argued that there were "special aspects" of the hazard that rendered the open and obvious doctrine, as formulated in *Lugo v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001), and its progeny, inapplicable, including design flaws that violated the ADA, inadequate lighting of the steps, the absence of appropriate signage, and confusing or inadequate placement of hazard tape. *Id.* at 5-6. This Court disagreed, affirming the trial court's determination that the hazard was open and obvious. Plaintiffs also argued that the trial court erred by failing to consider plaintiff's arguments concerning alleged violations of the ADA; this Court agreed with the trial court that plaintiffs had not alleged an ADA violation in their complaint. *Id.* at 6.

We now consider the issues anew following the Supreme Court's remand in *Cox II*. Because our Supreme Court did not vacate the portion of *Cox I* holding that plaintiffs had failed to allege an ADA violation in their complaint, we leave that portion of the opinion undisturbed and affirm the trial court's order to the extent that it held that plaintiffs had failed to bring a separate claim for violation of the ADA.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Id*. at 119-120 (citation omitted). If the movant meets her initial burden of supporting her position that no genuine issue of material fact exists, the burden shifts to the nonmoving party to establish otherwise. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "When the burden of proof at trial would rest on the nonmoving party, the nonmovant may not rest on mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial." *Campbell v Kovich*, 273 Mich App 227, 229; 731 NW2d 112 (2006), citing *Quinto*, 451 Mich at 362. See also MCR 2.116(G)(4). A trial court may not make findings of fact or credibility when deciding a motion for summary disposition. *Arbelius v Poletti*, 188 Mich App 14, 18; 469 NW2d 436 (1991). However, "the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial." *Id*.

A motion for summary disposition under MCR 2.116(C)(10) is properly granted when a claim presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell,* 273 Mich App at 229.

## III. ANALYSIS

Plaintiffs argue that the trial court erred by holding that the open and obvious doctrine barred their premises liability claim. In light of recent developments in the law, we agree that the trial court's decision on this issue must be reversed and the case remanded for further proceedings.

In 2023, our Supreme Court revisited the open and obvious danger doctrine as it has been understood for over two decades, and it overruled the framework announced in *Lugo*. *Kandil-Elsayed*, 512 Mich at 143. The Court held that *Lugo* was wrongly decided, "generated a host of practical-workability problems," and that reliance interests were not strong enough to uphold the *Lugo* framework. *Id*. That said, *Kandil-Elsayed* did not "abolish" the doctrine. Instead, it declared that the open and obvious nature of a condition is relevant to the element of breach (rather than the element of duty) and, assuming that an otherwise actionable premises liability claim has been established, whether the plaintiff's damages should be reduced on the basis of comparative fault. *Id*. at 144. At the end of its analysis, the Supreme Court provided the following explanation of the now-controlling framework:

> To summarize, a land possessor owes a "duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." If the plaintiff establishes that the land possessor owed plaintiff a duty, the next step in the inquiry is whether there was a breach of that duty. Our

decision does not alter the standard of reasonable care owed to an invitee, meaning that it's not necessary for land possessors to heed the advice in Justice VIVIANO's dissent to "immediately . . . rectif[y]" hazards on their property to avoid liability. Rather, as has always been true, a land possessor need only exercise reasonable care under the circumstances. As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it. [*Id*. at 148 (alteration in original).]

Recently, in *Gabrielson v The Woods Condominium Assoc'n, Inc*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket Nos. 364809, 364813), slip op at 2, 8, this Court held that "the rule of law announced in *Kandil-Elsayed* should operate retroactively and applies to all cases currently pending on direct appeal." Accordingly, we reverse the trial court's grant of summary disposition with respect to plaintiff's premises liability claim. Because of the significant change in the law that occurred after the trial court's ruling, we need not otherwise address plaintiff's arguments that the trial court erred in applying *Lugo* and its progeny to plaintiff's claim.

Affirmed in part, reversed in part, and remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola